IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWYANE HANDY,

                        *Plaintiff,*

    v.

CITY OF PHILADELPHIA, et al.,

                        *Defendants.*

CIVIL ACTION
NO. 24-1905

**Pappert, J.**                                          **September 10, 2025**

<u>**MEMORANDUM**</u>

Dwayne Handy's 2013 convictions for murder and attempted murder were vacated in May 2022 after one of the police investigators, Philip Nordo, was convicted of numerous job-related crimes. Handy was acquitted after a retrial and subsequently filed this lawsuit against the City of Philadelphia and the four detectives who conducted the investigation which led to his arrest and prosecution: Nordo, Gregory Singleton, Nathaniel Williams and Ohmarr Jenkins. Handy asserted claims under § 1983 against the four individual defendants for malicious prosecution, fabrication of evidence, withholding exculpatory evidence, inadequate investigation, violation of his right against self-incrimination, civil-rights conspiracy, and failure to intervene, and for malicious prosecution under Pennsylvania law. He also asserted a *Monell* claim against the City of Philadelphia, alleging it had policies or customs of coercing confessions, fabricating evidence and withholding exculpatory evidence.

Jenkins and Singleton previously moved to dismiss Handy's Complaint on the grounds that it failed to state claims against them and that qualified immunity shielded them from liability. The Court granted the motion in part, dismissing all

1

claims against Singleton and all claims except one—withholding exculpatory evidence—against Jenkins. *See Handy v. City of Philadelphia*, No. 24-1905, 2024 WL 4309973, at *1–6 (E.D. Pa. Sept. 26, 2024); (*Handy v. City of Philadelphia*, No. 24-1905, Order at 1, Dkt. No. 26). The Court granted Handy leave to amend some of his claims. *Handy*, 2024 WL 4309973, at *6.

Handy returned with an Amended Complaint. He sued the same defendants: the City of Philadelphia, Nordo, Singleton, Williams and Jenkins. (Am. Compl. ¶¶ 19–24, Dkt. No. 29.) And he brought the same general claims: claims under § 1983 against the four individual defendants for malicious prosecution, fabrication of evidence, withholding exculpatory evidence, inadequate investigation, violation of his right against self-incrimination, civil-rights conspiracy, and failure to intervene, and for malicious prosecution under Pennsylvania law. (*Id.* ¶¶ 81–118.) He also reasserted his *Monell* claim. (*Id.* ¶¶ 110–15.)

Jenkins and Singleton now move to dismiss Handy's Amended Complaint on the grounds that it fails to state claims against them and that qualified immunity shields them from liability. The Court grants the motion because the amended pleading adds mostly conclusory assertions with no facts alleged to support them.

A

Handy alleges malicious prosecution pursuant to the Fourth Amendment. (Am. Compl. ¶¶ 81–86.) To state a claim for malicious prosecution under the Fourth Amendment, a plaintiff must allege that (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a

purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). A police officer may be liable for malicious prosecution if he "influenced or participated in the decision" to initiate criminal proceedings by, for example, concealing or misrepresenting material facts to the prosecutor. *Id.* at 297.

Handy first fails to allege sufficient facts suggesting that Singleton personally participated in initiating the proceeding against Handy. Handy alleges only that Singleton (and other detectives) "coerced" certain witnesses during the investigation to give "untrue" statements implicating him; the witnesses later recanted their statements at trial; and Singleton knew the statements "were fabricated and coerced" because he "obtained" the statements himself. (*Id.* ¶¶ 29–30, 54, 58.) The Court need not accept as true the "conclusory statement[]" that Singleton coerced witnesses if the Amended Complaint has not supported it with enough alleged facts to plausibly suggest that Singleton, in fact, coerced witnesses. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016).[1] The Amended Complaint does not do so. It contains *no* allegations about Singleton and his alleged interviews with witnesses. Without any facts supporting the contention that Singleton coerced witnesses, the Court cannot draw the inference that he misled or

---

[1] Courts have found in other contexts that a plaintiff's mere allegation of coercion, without more, is a legal conclusion that does not suffice at the motion to dismiss stage. *See, e.g., German v. Fox*, 267 F. App'x 231, 234 (4th Cir. 2008) (per curiam) (explaining that a plaintiff's allegation of coercion is a "legal conclusion" that a court is not "bound to accept for purposes of determining the sufficiency of [a] complaint"); *Fluellen v. City of Philadelphia*, No. 23-1606, 2024 WL 1468331, at *5 (E.D. Pa. Apr. 4, 2024) (holding that a plaintiff's allegation that her employer tried to "coerce" her into accepting a job "is no more than a threadbare legal conclusion").

concealed facts from the prosecutor or otherwise influenced the decision to initiate the proceeding in any way.[2]

Handy also fails to allege the absence of probable cause to initiate the proceeding. "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Garcia v. County of Bucks*, 155 F.Supp.2d 259, 265 (E.D. Pa. 2001) (citation omitted). Even if Singleton and Jenkins knew that Handy's confession was false and coerced by Nordo, Handy must still allege that there was no probable cause to initiate the proceeding without the confession. *Halsey*, 750 F.3d at 300. But Handy alleges that other witnesses gave statements implicating him, and as explained, alleges no facts suggesting that an ordinary prudent officer would have distrusted those statements. (Am. Compl. ¶ 29.)[3] That most of the witnesses recanted their statements at trial says nothing about the reasonableness of *initiating* proceedings on the basis of those statements. (*Id.* ¶¶ 29–30.)[4]

---

[2]    Handy all but concedes that he fails to adequately show Singleton personally participated in initiating the proceeding against Handy. In his brief opposing the defendants' motion, Handy states in the malicious prosecution section of his analysis without any citations to the Amended Complaint that he "sets forth plausible and detailed allegations regarding the Moving Defendants' knowledge of and assistance in Nordo's wrongdoing." (Pl.'s Mem. of L. in Opp'n to Defs.' Mot. to Dismiss at 14–15, Dkt. No. 33.) He also states that "The Complaint sufficiently alleges the details of the civil rights violations that occurred and the manner in which the Moving Defendants were personally involved in bringing about this wrongful conviction." (*Id.* at 15.) Such conclusory legal arguments do not point the Court to any facts in the Amended Complaint supporting a malicious prosecution claim against Singleton.

[3]    Handy also alleges that "Jenkins" "coerced untrue" statements from witnesses during the investigation. (Am. Compl. ¶ 58.) But, again, this is a legal conclusion and does not suffice. *Iqbal*, 556 U.S. at 678.

[4]    Handy's state-law malicious-prosecution claims must satisfy the first four elements of a Fourth Amendment malicious-prosecution claim. *See Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017*); see also Henderson v. City of Philadelphia*, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012) (analyzing the shared elements "simultaneously"). Because Handy fails to allege a lack of probable cause, his state-law malicious-prosecution claims also fail.

B

Handy's Amended Complaint includes three separate claims under the heading "deprivation of liberty without due process of law and denial of a fair trial": fabrication of evidence, withholding exculpatory evidence and failure to conduct an adequate investigation.  (Am. Compl. ¶¶ 87–92.)

1

A plaintiff may bring a fabrication-of-evidence claim if he was "convicted at a trial at which the prosecution [] used fabricated evidence."  *Mervilus v. Union County*, 73 F.4th 185, 193 (3d Cir. 2023) (quotation marks and citation omitted).  The plaintiff must establish that the defendant "formulated or submitted false evidence willfully, knowingly, or with a reckless disregard for its truth."  *Id.* at 194–95.

Handy has not alleged facts supporting a plausible fabrication claim against Singleton or Jenkins because he has not alleged that either defendant personally participated in the formulation or submission of falsified evidence.  That Singleton and Jenkins "coerced untrue" statements from witnesses who later recanted their statements says nothing about whether Jenkins or Singleton manufactured evidence they knew to be false.  (Am. Compl. ¶ 58.)  And the mere allegation that Jenkins was in the back of the interrogation room on his phone while Nordo coerced Handy's confession does not permit the inferences that Jenkins participated in the coercion, knew Handy's confession was false, or later submitted the confession to the prosecution.[5]

_____

[5]    Handy attempts to cure the shortcomings in his fabrication claim against Jenkins by alleging that Jenkins "actively assisted" Nordo in obtaining Handy's confession.  (Am. Compl. ¶ 52.)  Yet in providing the specific facts underlying Jenkins's and Nordo's participation in his interview, Handy again alleges that Jenkins sat in the back of the interrogation room on his phone while Nordo coerced him to confess.  (*Id.* ¶ 45.)  The Court need not accept Handy's conclusory "assertion[]" that

2

Handy next alleges that Singleton[6] withheld evidence favorable to Handy in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation has three elements: "(1) the evidence at issue is favorable to the accused, because either exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was 'material.'" *Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011). Police officers can be liable for a *Brady* violation under § 1983 for failing to disclose exculpatory information to the prosecutor. *Gibson v. Superintendent of N.J. Dep't of L. & Pub. Safety-Div. of State Police*, 411 F.3d 427, 443 (3d Cir. 2005). This includes, for example, when officers "suppress[] the extent of their impermissible law enforcement tactics." *Id.*; *see also Thorpe v. City of Philadelphia*, No. 19-5094, 2020 WL 5217396, at *13 (E.D. Pa. Sept. 1, 2020) (denying dismissal of *Brady* claim against officer who "failed to report that [a witness] did not identify [the defendant] in a photo array"). Handy fails to allege Singleton's personal involvement in any *Brady* violation because Handy does not identify any evidence favorable to him that Singleton knew of but failed to disclose to the prosecution. The conclusory allegation that Singleton "coerced untrue" statements from certain witnesses does not permit the inferences that

---

Jenkins assisted Nordo in obtaining Handy's confession because it is "belied" by other "factual allegations." *Schuylkill Energy Res., Inc. v. P.A. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

[6]    In their pending motion to dismiss, Singleton and Jenkins do not seek dismissal of Handy's "Suppression Claim against Detective Jenkins." (Mot. to Dismiss at 1, Dkt. No. 30.) That is because the Court held in its previous Memorandum that Handy had alleged sufficient facts to state a plausible *Brady* claim against Jenkins. *Handy*, 2024 WL 4309973, at *4–5. The Court reasoned that Handy plausibly alleged that Jenkins failed "to disclose impermissible law enforcement tactics"— specifically, Nordo's alleged coercion of Handy's confession—to prosecutors. *Id.* at *4.

(1) Singleton used coercive tactics against witnesses during interviews and (2) Singleton suppressed the extent of those tactics.

3

Courts in this district have consistently held that there is no constitutional right to a police investigation, let alone one that meets some threshold of "adequacy," and no such right was clearly established during the relevant period of 2011 to 2013.  *See Thomas v. City of Philadelphia*, 290 F. Supp. 3d 371, 386 (E.D. Pa. 2018) (citing *Whitehead v. City of Philadelphia*, No. 13-2167, 2014 WL 657486, at *2 (E.D. Pa. Feb. 19, 2014) and *Wright v. City of Philadelphia*, 229 F. Supp. 3d 322, 332 n.3 (E.D. Pa. 2017)).  Jenkins and Singleton are thus entitled to qualified immunity on Handy's inadequate-investigation claim.[7]

C

Handy next asserts a claim for violation of his right against self-incrimination, alleging that the defendants (1) used coercive interrogation techniques and (2) failed to read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).  (Am. Compl. ¶¶ 97–101.)  First, Handy fails to state a claim against Jenkins or Singleton based on the alleged coercive tactics because, again, he does not adequately allege their personal involvement.  As explained, Handy has not alleged facts from which the Court can infer that Jenkins participated in coercing Handy's confession.  Nor does he allege any facts

---

[7]    The Court dismissed Handy's failure to investigate claim against Singleton and Jenkins in its previous Memorandum and accompanying Order with prejudice.  *Handy*, 2024 WL 4309973, at *5; (*Handy v. City of Philadelphia*, No. 24-1905, Order at 1).  The Court emphasizes that, because qualified immunity bars this claim, the Court dismisses it again with prejudice, as the accompanying order will state.

suggesting that Singleton even participated in Handy's interview, let alone coerced him.

Second, Handy fails to allege facts which could show that either Jenkins or Singleton is responsible for the alleged failure to read him his rights. Officers are required to read a detainee his *Miranda* warning before they may perform "custodial interrogation." *United States v. Brownlee*, 454 F.3d 131, 146 (3d Cir. 2006). An officer "interrogates" a suspect for *Miranda* purposes when he says "any words or [takes any] actions . . . (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Id.* (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300–01 (1980)). Handy has not alleged any actions by Singleton or Jenkins during the interrogation in which Handy confessed that were reasonably likely to elicit an incriminating response. And the Court is aware of no authority for the proposition that an officer who did not participate in the interrogation in which a defendant incriminated himself might nevertheless be liable under § 1983 for failing to give a *Miranda* warning.

## D

Handy next asserts a claim for conspiracy to violate civil rights. (Am. Compl. ¶¶ 102–05). Civil conspiracy has three elements: (1) two or more persons agree to deprive the plaintiff of a right; (2) one or more of the conspirators performs an "overt act in furtherance of the conspiracy"; and (3) the "overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States." *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n.15 (3d Cir. 2018) (quotation marks and citation omitted).

Handy fails to allege facts that could establish that either Jenkins or Singleton reached any "agreement," with each other or anyone else.  The Amended Complaint includes only the assertions that (1) the "individual Defendants . . . acted in concert and in conspiracy with one another" to deprive Handy of his civil rights and (2) "the individual Defendants . . . agreed among themselves and with other individuals to act in concert . . . to deprive" Handy of his civil rights.  (Am. Compl. ¶¶ 25, 103.)  These "conclusory allegation[s] of agreement at some unidentified point" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

E

Handy next asserts claims against Singleton and Jenkins for their "failure to intervene" to prevent Handy's "false arrest, malicious prosecution, false imprisonment, and deprivation of liberty without due process of law."  (Am Compl. ¶ 107.)

Handy does not allege facts that would plausibly support claims for failure to intervene to prevent his false arrest or false imprisonment because has not alleged facts to support any underlying false-arrest or false-imprisonment claims.  A plaintiff may state a claim pursuant to § 1983 for false arrest under the Fourth Amendment if the officers who arrested him had no probable cause to do so.  *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020).  But the arrest is not wrongful if the arresting officers had probable cause to arrest for at least one charge.  *Johnson v. Knorr*, 477 F.3d 75, 85 (3d Cir. 2007).  A plaintiff can state a claim for false imprisonment based on detention pursuant to an arrest made without probable cause.  *Groman v. Township of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).  He could also state a false-imprisonment claim if the government dropped all charges supported by probable cause yet continued

9

to detain him pursuant to a charge not supported by probable cause. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 557 (2024).

Handy alleges that he was originally arrested for "smoking marijuana" and alleges no facts suggesting that the arresting officers lacked probable cause to arrest him on that charge, nor any facts suggesting it was unreasonable to detain him for less than a day pursuant to that arrest. (Am. Compl. ¶ 42.)[8] And even if the marijuana charge was unsupported by probable cause or dropped before Handy was released, Handy alleges that witnesses gave statements implicating him in the murder and attempted murder. (*Id.* ¶ 29.) Jenkins and Nordo apparently represented that they had at least some of those statements before Handy's April 2011 arrest, and again, Handy has not alleged any facts suggesting that an ordinary prudent officer would not trust those statements.

Handy's claims against Jenkins and Singleton for failure to intervene to prevent malicious prosecution and deprivation of liberty are barred by qualified immunity. There is no clearly established stand-alone right to intervention by officers to prevent malicious prosecution or deprivation of liberty without due process, and no such right was clearly established during 2011 and 2013. *See Onyiah v. City of Philadelphia*, 660 F. Supp. 3d 407, 416 (E.D. Pa. 2023); *Ogrod v. City of Philadelphia*, 598 F. Supp. 3d

---

[8]    Handy alleges that "there was no probable cause to arrest Handy" for smoking marijuana because "he was not charged with a misdemeanor drug possession." (Am. Compl. ¶ 42.) Yet to determine whether a police "officer had probable cause to arrest an individual," courts "examine the events leading up to the arrest." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Thus, for purposes of whether the officers had probable cause to arrest Handy for smoking marijuana, it is irrelevant whether he was ultimately charged with possessing marijuana.

253, 273 (E.D. Pa. 2022); *Outlaw v. City of Philadelphia*, No. 21-1290, 2021 WL 3471168, at *7 (E.D. Pa. Aug. 6, 2021).[9]

IV

A court should grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay or prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). Counsel have now had two chances to allege facts which would state the claims the Court again now dismisses, and it would be futile for them to try a third time.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

---

[9]     The Court dismissed Handy's claims for failure to intervene to prevent malicious prosecution and deprivation of liberty without due process in its previous Memorandum and accompanying Order with prejudice. *Handy*, 2024 WL 4309973, at *6; (*Handy v. City of Philadelphia*, No. 24-1905, Order at 1). The Court emphasizes that, because qualified immunity bars these claims, the Court dismisses them again with prejudice, as the accompanying order will state.

11